**Jerry YOUNG a/k/a Ramadan, Plaintiff,**

v.

**M. MOLLOY, Defendant.**

**No. CIV–89–295E.**

United States District Court, W.D. New York.

March 29, 1991.

Jerry Young, pro se.

Allithea Killeen, Asst. Atty. Gen., Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiff, an incarcerated state prisoner acting *pro se*, brought this action for damages under 42 U.S.C. § 1983. His Complaint alleges that the defendant violated his constitutional rights in connection with various disciplinary actions.

The Complaint was filed March 8, 1989 and an Amended Complaint was submitted March 30, 1989. The defendant responded April 18, 1989 by a motion to dismiss the Amended Complaint pursuant to Fed.R. Civ.P. Rule 12(b)(6), asserting that the plaintiff had failed to state a claim upon which relief could be granted. This Court concluded October 30, 1989 that a cause of action had been stated and denied the motion. The plaintiff now has moved for partial summary judgment on his claim which arises from a February 19, 1989 misbehavior report and which was incorporated into his Amended Complaint.

The initial Complaint alleged that, while confined in the Special Housing Unit ("SHU") of the Attica (N.Y.) Correctional Facility, he was assaulted by the defendant in that the defendant stepped on his heels while the plaintiff was returning from the shower facilities. In addition, he claims that the defendant grabbed him from behind and pushed him into his cell. As a result of this incident, the defendant issued the plaintiff a misbehavior report dated February 6, 1989 for violating correctional rule 107.10. The charge was dismissed at a Tier III Proceeding February 9, 1989.

The plaintiff received an additional misbehavior report from the defendant February 19, 1989 for violating correctional rules 118.22 (unhygienic acts) and 118.25 (littering). Such report cited the manner in which the plaintiff disposed of his food tray after his meal. The plaintiff maintains that, without the guidance of any specific written guidelines to the contrary, he was allowed to dispose of his tray onto the gallery floor so long as he discarded it from his cell. Although the charges against the defendant were dismissed at a Tier III Proceeding March 9, 1989, the plaintiff maintains that, under 42 U.S.C. § 1983, the defendant should be held personally responsible for an alleged violation of his constitutional rights. The plaintiff claims he has a Fourth Amendment liberty interest in being allowed to discard his tray as he chooses and a First Amendment interest in being allowed to notify the defendant accordingly. Furthermore, the plaintiff insists the February 19, 1989 misbehavior report was issued by the defendant in retaliation for the plaintiff's assertion of his rights under the First and Fourth Amendments to the Constitution. In summary, the plaintiff contends there is no issue of material fact related to the misbehavior report issued on February 19, 1989 and, hence, that partial summary judgment should be granted.

The only issue before this Court is whether the plaintiff's request for partial summary judgment can be granted. Summary judgment is appropriate where there are no unresolved factual disputes as to issues material to the outcome of the litigation. *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The trial court's function on such a motion is to identify whether there are genuine issues of material fact that require resolution by the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In addition, under Fed.R.Civ.P. Rule 56(e), where the movant has made a properly supported motion, the opposing party cannot simply rely upon the allegations or denials of his pleadings. The respondent must demonstrate sufficient evidence, including specific facts, showing that there

are genuine issues of material fact for trial. *Id.* at 248–250, 106 S.Ct. at 2510–12. With these principles in mind, we turn to the record.

The plaintiff maintains there is no issue of material fact in dispute related to the February 19, 1989 misbehavior report. The defendant contends otherwise, and this Court agrees. First, the plaintiff maintains that Hearing Officer Gandy stated that the plaintiff had not violated the prison rules and that the February 19, 1989 misbehavior report was falsely issued by the defendant. A question of material fact is raised in this instance, as the record of the hearing simply indicates that the charges had been dismissed. No further elaboration exists regarding this issue. Second, the plaintiff states that the defendant issued the February 19, 1989 misbehavior report in retaliation against the plaintiff's expression of his constitutional rights. This is in direct contradiction to the defendant's affidavit attesting that the misbehavior reports were issued for non-retaliatory reasons. Lastly, the record indicates that the manner in which the food tray was discarded from the plaintiff's cell remains in question. The plaintiff states that he "tossed" the tray outside of his cell, whereas, the misbehavior report issued by the defendant indicates that the food tray and its contents were thrown upon the gallery floor. In addition, while the plaintiff states that it is customary to throw trash onto the gallery floor for the porter to collect, the record from the March 9, 1989 Tier III Hearing indicates that the meal trays and their contents are removed before the porter sweeps the gallery, raising some question as to the procedure to be followed.

In sum, the defendant's version of the incident as set forth in the papers submitted to this Court and in his affidavit differ from the plaintiff's version. Genuine issues of material fact are present in the record and consequently, the plaintiff's request for partial summary judgment must be denied.

Accordingly, it is hereby ORDERED that the plaintiff's motion for partial summary judgment is denied.